UNITED STATES DISTRICT
COURT EASTERN DISTRICT OF
MICHIGAN SOUTHERN DIVISION

GARRETT MJ TALIF SOREZO,

    Plaintiff,

v.

    CASE NO. 2:22-CV-12849
    HON. VICTORIA A. ROBERTS

JOE SMITH, et al.,

    Defendants.
_____/

## OPINION AND ORDER SUMMARILY DISMISSING COMPLAINT

Plaintiff Garrett MJ Talif Sorezo is currently confined as a pre-trial detainee in the Isabella County Jail in Mt. Pleasant, Michigan. Sorezo filed a *pro se* civil complaint against Joe Smith, CEO of NASA; Ellon [sic] Musk, of Space X; and Isabella County Sheriff Michael Main, over issues involving the Privacy Act, Spy Technology, Civil Rights, Torture, and the Federal Tort Claims Act. ECF No. 1, PageID.2-5.

Sorezo alleges Defendants invaded his privacy using space technology, that he has been under video surveillance, that excessive noise has caused him pain and damaged his eardrum, and that he is being mistreated by Defendant Main and jail staff. *Id.* at PageID.6-8. He seeks $80,000 in monetary damages and an order for the Defendants "to stop[.]" Sorezo was granted leave to proceed without pre-paying filing fees and costs. ECF No. 3.

Because Sorezo's complaint is frivolous and fails to state a claim upon which relief may be granted, the case will be dismissed.

## I. Background

In addition to the complaint described above, Sorezo makes similar allegations in other recently filed federal lawsuits. These include claims that Princes William and Harry of England, among others, are using spy technology and sending death threats against him, *see Sorezo v. Buckingham Palace, et al.*, Case No. 22-12540; and that he has been tracked by spy technology and experienced fraud, noise violations and mistreatment at the hands of current and former Presidents Biden, Obama, and Bush, Jr., as well as Sheriff Main. *See Sorezo v. White House*, *et al.*, Case No. 22-12494. Both cases were dismissed as frivolous. *See Sorezo v. The White House, et al.*, No. 2:22-CV-12494, 2022 WL 17361958, at *3 (E.D. Mich. Dec. 1, 2022) (Fox, J.); *Sorezo v. Buckingham Palace*, *et al.*, Case No. 22-12540, Order, ECF No. 5; PageID.4 (Ludington, J.).[1] The court held dismissal was proper based on immunity and because Sorezo failed to state a claim upon which relief could be granted. *Id.* 2022 WL 17361958, at *3

## II. Discussion

Under the Prison Litigation Reform Act ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service if it determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from defendants immune from such relief. 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). The dismissal standard under the PLRA is equivalent to that of Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d

---

[1] Sorezo's suit against Surgeon General Vivek Murthy, for creating human clones which has committed fraud against him, remains pending. *See Sorezo v. Murthy*, Case No. 22-12851.

468, 470–71 (6th Cir. 2010) (citations omitted). When evaluating a complaint under that standard, courts "construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded factual allegations as true, and examine whether the complaint contains 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Hill v. Snyder*, 878 F.3d 193, 203 (6th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Federal Rule of Civil Procedure 8(a) requires a complaint to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief" as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2)–(3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (internal citation omitted). Rule 8's pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Moreover, a complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (quoting *Twombly*, 550 U.S. at 555). Further, "naked assertion[s] devoid of further factual enhancement," will not survive screening. *Bickerstaff v. Lucarelli*, 830 F.3d 388, 401 (6th Cir. 2016) (citing *Iqbal*, 556 U.S. 662, 678).

"A complaint can be frivolous either factually or legally." *Anson v. Corr. Corp. of Am.*, 529 F. App'x 558, 559 (6th Cir. 2013) (citing *Hill v. Lappin*, 630 F.3d at 470). The former is found "when [the complaint] relies on 'fantastic or delusional' allegations"; the latter, "when 'indisputably meritless' legal theories underlie the complaint." *Brand v.*

3

*Motley*, 526 F.3d 921, 923 (6th Cir. 2008) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989)).

"To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege a violation of a right secured by the federal Constitution or laws and must show that the violation was committed by a person acting under color of state law."[2] *Flanory v. Bonn*, 604 F.3d 249, 253 (6th Cir. 2010) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988). The plaintiff must allege that "the defendants were personally involved in the alleged deprivation of federal rights." *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (citing *Hall v. United States*, 704 F.2d 246, 251 (6th Cir. 1983)). *Pro se* civil rights complaints are construed liberally. *See Stanley v. Vining*, 602 F.3d 767, 771 (6th Cir. 2010).

Sorezo's complaint fails to survive screening for several reasons. First, he alleges that NASA, Space X, and Isabella County are "invading [his] privacy[,] using space technology or space instruments . . . [or a] satellite system." ECF No. 1, PageID. 6-7. He connects Defendants Smith, Musk, and Main to this claim parenthetically, *see id.* at PageID.6, but fails to support the allegation by describing what any of them did or did not do to violate his rights. By this omission, Sorezo fails to establish the necessary personal involvement to state a claim against defendants under section 1983. *See Frazier*, 41 F. App'x at 764.

---

[2] Construing his complaint liberally as the Court must, it finds Sorezo intended to bring suit pursuant to 42 U.S.C. § 1983, and will analyze his claims under that statute. The complaint does not expressly refer to section 1983, but lists "Civil Rights" among the federal statutes at issue in his case. *See* ECF No. 1, PageID.5.

4

This is also true of Sorezo's allegations that noise has been used to "torture" him and damage his eardrum, as well as his other statements regarding mistreatment by jail staff. ECF No. 1, PageID.6-8. Sorezo makes no allegations against any individual alleging involvement in the violation of his rights. Ultimately, his lack of factual enhancement condemns his complaint to dismissal for the failure to meet notice pleading requirements. *Iqbal*, 556 U.S. at 678; *Bickerstaff*, 830 F.3d at 401.

Sorezo's other claims fail to survive screening as well. He says his rights under the Privacy Act were violated. However, a successful claim for money damages under 5 U.S.C. § 552(a) requires plaintiffs to establish that a federal agency failed to comply with a provision of the Act in a manner that caused an adverse effect, and that the violation was intentional or willful. *Prichard v. Lutz*, No. 20-CV-11344, 2020 WL 3868494, at *2 (E.D. Mich. July 9, 2020) (Drain, J.) (citing §§ 552a(g)(1)(D) and (g)(4); *Toolasprashad v. Bureau of Prisons*, 286 F.3d 576, 583 (D.C. Cir. 2002)). Sorezo alleges no facts which would establish his privacy rights were violated by anyone, much less a federal agency operating willfully.

Similarly, Sorezo does not show he is entitled to relief under the Federal Tort Claims Act. "The FTCA provides a cause of action only if the claim is brought against a federal employee." *Hessmer v. Lowery*, 24 F. App'x 492, 494 (6th Cir. 2001) (citing 28 U.S.C. §§ 1346(b), 2674; *FDIC v. Meyer*, 510 U.S. 471, 477 (1994)). Sorezo did name "Joe Smith" as a defendant, and claims Smith is the CEO of NASA. However, the agency is currently headed by Administrator Bill Nelson. *See* https://www.nasa.gov/nasa-leadership. Regardless, Sorezo made no specific

5

allegations against Smith which would support liability under any of his theories, including the Federal Torts Claims Act.

Finally, Sorezo's complaint lacks an arguable basis in fact, which is found when a plaintiff's factual contentions are "clearly baseless" in that they describe "fantastic or delusional scenarios." *Neitzke*, 490 U.S. at 327-28; *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (a complaint is factually frivolous if "the facts alleged rise to the level of irrational or wholly incredible"). In another of Sorezo's cases in this district, the judge held that his claims of "constant tracking by 'spy technology,'" "fall into such a category." *Sorezo*, 2022 WL 17361958, at *3 (collecting cases dismissed as frivolous, baseless, and/or delusional).

This Court agrees. Sorezo's allegations that the space instruments and satellite systems are being used to surveil him and that "Hollywood entertainers" are behind the use of spy technology against him, are clearly baseless.

Sorezo's complaint must be dismissed.

### III.   Order

The Court **DISMISSES** the Complaint (ECF No. 1) **WITH PREJUDICE**.

An appeal from this decision cannot be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962). This case is closed. No further pleadings should be filed in this matter.

ORDERED.

Date:  1/11/2023

s/ Victoria A. Roberts
VICTORIA A. ROBERTS
UNITED STATES DISTRICT JUDGE